**Ronald J. JACKMAN, Petitioner,**

v.

**Herbert R. TILLERY, Respondent.**

**No. 95–3109.**

United States District Court,
D. Kansas.

Feb. 8, 1998.

Ronald J Jackman, Loretto, PA, pro se.

Mary K. Ramirez, Office of U.S. Attorney, Topeka, KS, for Respondent.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a petition for writ of habeas corpus, 28 U.S.C. § 2241, filed by a former member of the United States Army while an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Petitioner challenges his general court-martial convictions for attempted sodomy with a child under age sixteen, sodomy with a child under age sixteen, and indecent liberties and indecent acts with children under age sixteen. Petitioner was sentenced to a dishonorable discharge, confinement for ten years, total forfeitures and reduction to Private E1.

Petitioner claims that there was (1) insufficient evidence to convict him of several of the charges, (2) improper use of leading questions, (3) improper use of a statement made by the accused without notice and (4) improper jury composition and voting procedure.

Having reviewed all the materials in the file, the court makes the following findings and order.

## FACTUAL AND PROCEDURAL BACK-GROUND

In February, 1993, petitioner was tried and convicted by a panel consisting of officer members sitting as a general court-martial at Kaiserslautern, Germany. At trial, Michael and William Sibert, 14 year-old twins, testified against petitioner, their stepfather, detailing several incidents of sexual abuse that included fondling, masturbation, and sodomy. His wife and ten-year old natural son also testified about crimes committed against them. Petitioner unsuccessfully defended himself by attacking the credibility of these witnesses.

Petitioner appealed to the United States Army Court of Military Review (ACMR). The record of the proceedings was forwarded to the ACMR pursuant to Article 66, United States Code of Military Justice. Under Article 66(c), military review courts must read the entire record and independently arrive at a decision that the findings and sentence are correct in law and fact, 10 U.S.C. § 866. In

addition, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), military review courts are required to consider all issues personally raised by the defendant. The ACMR, after considering "the entire record including the issues personally specified" by petitioner, held the findings of guilty and the sentence to be "correct in law and fact." Jackman's Petition for Grant of Review to the United States Court of Appeals for the Armed Forces was denied.

## DISCUSSION

A federal court is limited in its review of military court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by a petitioner were given full and fair consideration by the military courts. *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808 (10th Cir.1993). If the issues have been given full and fair consideration, the district court should deny the petition. *Id.* When a military decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the court to grant the writ by reassessing the evidentiary determinations. *Burns v. Wilson*, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

The record shows that seven of the eight issues raised by petitioner were presented to and considered by the ACMR and that all issues were presented to and considered by the CMA when it chose to deny the petition for review. If an issue is brought before the military tribunal and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). Petitioner does not identify any improper legal standard as having been applied by the military courts.

Petitioner argues in his Traverse that a less limited standard of review should be applied, and that the summary orders of the military appellate courts do not evince full and fair consideration of his claims. No compelling legal authority is cited for these assertions and the court finds them to be contrary to controlling law in this judicial circuit. The court concludes that petitioner's claims have been fully and fairly considered by the military courts and that, as a result, this action must be dismissed and all relief denied. *See Lips*, 997 F.2d at 812, FN 2.

The court notes that petitioner's claim of insufficient evidence rests on his contention that the witnesses against him were not credible. Witness credibility is a question of fact which cannot be reviewed by the federal habeas court. The excerpts from the record cited in petitioner's pleadings and attached to the Answer and Return indicate that there was sufficient evidence of petitioner's guilt. "The test for [legal sufficiency] is whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A.1987) (*citing Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The evidence against petitioner clearly meets this standard. Jackman was the step-father, father and husband of his victims, so his identity certainly was not at issue. The victims of Jackman's indecent acts, which were generally perpetrated after he had been drinking, testified in detail against him.

The court further notes that there is no legal merit to petitioner's claim that his Due Process, Sixth Amendment or other constitutional rights were violated upon his conviction by a five-member jury operating under the two-thirds voting rule. *See Mendrano v. Smith*, 797 F.2d 1538 (10th Cir.1986) (and cases cited therein).

IT IS THEREFORE BY THE COURT ORDERED THAT this action is dismissed and all relief denied.