William M. LIPS, Appellee/Cross–Appellant,

v.

COMMANDANT, UNITED STATES DISCIPLINARY BARRACKS, Appellant/Cross–Appellee.

Nos. 92–3359, 92–3360.

United States Court of Appeals, Tenth Circuit.

July 1, 1993.

Jan Horbaly, Burke, VA, for appellee/cross-appellant.

David Shelledy, U.S. Dept. of Justice, Appellate Section, Crim. Div., Washington, DC (Jackie A. Rapstine, Asst. U.S. Atty., Lee Thompson, U.S. Atty., Topeka, KS, and Conrad Von Wald, LTC., Office of the Judge Advocate General, U.S. Air Force, Washington, DC, and Thomas E. Booth, Department of Justice, Washington, DC, with him on the brief), for appellant/cross-appellee.

Before TACHA and BALDOCK, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

This case concerns the relationship between the federal civil courts and the military courts.

William M. Lips, a Senior Master Sergeant serving on active duty in the United States Air Force and assigned to the 50th Civil Engineering Squadron at Hahn Air Base in Germany, was convicted in 1984 by a military jury of rape, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920; forcible sodomy, in violation of Article 125, UCMJ, 10 U.S.C. § 925; and aggravated assault (three counts), in violation of Article 128, UCMJ, 10 U.S.C. § 928. Lips was sentenced, *inter alia,* to twenty years' imprisonment.

On direct appeal, the United States Air Force Court of Military Review affirmed Lips' conviction and sentence. *United States v. Lips,* 22 M.J. 679 (AFCMR 1986). The United States Court of Military Appeals denied discretionary review, *United States v. Lips,* 24 M.J. 45 (CMA 1987), and also denied Lips' petition for reconsideration, 24 M.J. 203 (CMA 1987). Thereafter the Judge Advocate General of the Air Force denied Lips' motion for a new trial.

In 1988, while confined in the United States Disciplinary Barracks at Leavenworth, Kansas, Lips filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas, naming as the defendant the Commandant of the Disciplinary Barracks. In his petition, Lips set forth two grounds for relief: (1) that the military judge improperly admitted into evidence certain sexually explicit materials taken from his apartment by the arresting officers; and (2) that the prosecutor violated his right against self-incrimination by referring to his post-arrest silence in cross-examination and in closing argument.

The district court rejected the first ground Lips advanced for habeas relief, but found Lips' second ground for relief based on improper reference to post-arrest silence to be meritorious and ordered the government to provide Lips with a new trial within 120 days or release him. The Commandant appeals the district court's grant of habeas relief (our No. 92–3359). Lips cross appeals that part of the district court's order denying relief on his first ground, i.e., the admission of the sexually explicit materials (our No. 92–3360). On motion, another panel of this court entered an order staying the judgment of the district court pending disposition of this appeal.

Limited background information regarding the court-martial is in order. The testimony of Cynthia Carite at trial established, *prima facie*, that Lips had committed the various crimes with which he was charged. Cynthia Carite testified, *inter alia*, that on the night in question Lips had shown her certain sexually explicit materials, including magazines and video tapes. After Lips' arrest, the officers searched his apartment and took certain magazines and tapes, some of which were later received into evidence at trial, over objection. The admission of these materials constituted Lips' first ground for habeas relief.

Although Lips had made no post-arrest statements to authorities, he did testify at trial and admitted that he had done the various acts to which Cynthia Carite had testified, but further testified that she had consented thereto. Lips' post-arrest silence was first raised by defense counsel in his direct examination of Lips. At the outset of direct examination, defense counsel asked Lips why he had made no post-arrest statement to the authorities. Lips answered that he had remained silent on the advice of counsel.

In cross-examination, the prosecutor attempted to show that the real reason Lips made no post-arrest statements was that he desired to hear Cynthia Carite's testimony in court before giving anyone his version of events so that he could "tailor" his testimony and make it believable. Further, in closing

argument to the military jury, the prosecutor stated that while Lips' post-arrest silence was no evidence of guilt, Lips had nonetheless waited until trial "to tell his story," so that he could first hear Cynthia Carite's testimony. Defense counsel made no objection at trial to the prosecutor's argument, which is not altogether surprising since the prosecutor conceded, in front of the military jury, that Lips' post-arrest silence was no evidence of guilt. The prosecutor's cross-examination of Lips and his closing argument to the jury constitute Lips' second basis for habeas relief.

Our study of the matter leads us to conclude that although the federal district court had jurisdiction to entertain Lips' petition, its scope of review was initially limited to determining whether the claims Lips raised in his federal habeas corpus petition were given full and fair consideration by the military courts. If they were given full and fair consideration, the district court should have denied the petition. The record indicates to us that the military courts did give full and fair consideration to the matters Lips sought to have the federal district court review. Therefore, the judgment of the district court granting habeas corpus relief is reversed and the case remanded to the district court with directions to deny the petition.

The military has its own independent criminal justice system governed by the Uniform Code of Military Justice. 10 U.S.C. §§ 801–940. The code is all-inclusive and provides, *inter alia*, for courts-martial, appellate review, and limited certiorari review by the United States Supreme Court. Lips' petition for habeas corpus collaterally attacked a general court-martial conviction that was affirmed on appeal by the Air Force Court of Military Review. Because of the independence of the military court system, special considerations are involved when federal civil courts collaterally review court-martial convictions.[1]

■ The starting point in our discussion is *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). That case stands for the proposition that federal courts have juris-

---

1. For an annotation on this general subject, see    95 A.L.R.Fed. 472.

diction over applications for habeas corpus by persons incarcerated by the military courts, though "in military habeas corpus the inquiry, the scope of matters open to review, has always been more narrow than in civil cases." *Id.* at 139, 73 S.Ct. at 1047. The plurality in *Burns* further stated that "when a military decision has dealt fully and fairly with an allegation raised in [a petition for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 142, 73 S.Ct. at 1049. In like vein, the Court stated that "[i]t is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." *Id.* at 144, 73 S.Ct. at 1050.

Under *Burns,* if the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied. Only when the military has not given a petitioner's claims full and fair consideration does the scope of review by the federal civil court expand.

In *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir.1990), we held that review by a federal district court of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

The district court held, in effect, that the military had failed to give adequate consideration to Lips' contention that the prosecutor in cross-examining Lips concerning post-arrest silence and in his closing argument violated Lips' Fifth Amendment right to remain silent. On that basis, the district court proceeded to review that matter *de novo.* The district court also reviewed Lips' claim regarding the admission of the sexually explicit materials without first determining whether the military had given that matter full and fair consideration. We disagree and believe that the military courts did give the matters raised in this federal habeas proceeding full and fair consideration and that the district court erred in reviewing these matters *de novo.*

■ The brief on behalf of appellant in the appeal to the United States Air Force Court of Military Review listed twelve numbered issues. In "Issue V," counsel asserted that three separate errors occurred during the prosecutor's closing argument. One of these errors was the prosecutor's comment on Lips' "exercise of his right to remain silent prior to trial." Counsel did not set forth as a separate issue the prosecutor's cross-examination of Lips and made only passing reference to improper cross-examination in his argument under "Issue V." In any event, the United States Air Force Court of Military Review in its opinion did not specifically refer to the improper cross-examination issue, though it did specifically comment regarding the improper closing argument issue. In this regard, that court spoke as follows:

> The appellant also contends he is entitled to a new trial because of improper findings and sentencing arguments by government counsel. Appellant's counsel entered no objection at trial to the now challenged statements made during argument. In view of this, we consider this issue to be waived on appeal in the absence of plain error which doctrine we find no basis here to invoke. R.C.M. 1001(g); *United States v. Fisher,* 21 M.J. 327 (1986); *United States v. Fisher,* 17 M.J. 768 (A.F.C.M.R. 1983).

22 M.J. at 683.

We think the United States Air Force Court of Military Review gave the issue of improper closing argument "full and fair consideration," as required by *Burns v. Wilson, supra,* and also gave "adequate consideration" to the issue and applied "proper legal standards," as required by our *Dodson v. Zelez, supra.* Such being the case, the district court erred in granting habeas corpus relief based on improper prosecutorial closing argument.

As indicated, in addition to the improper closing argument issue, Lips also asserted as a basis for habeas relief the prosecutor's

cross-examination relating to his post-arrest silence. At trial, defense counsel made only one nonspecific objection to this line of questioning. Mil.R.Evid. 103(a)(1), like Fed. R.Evid. 103(a)(1), requires a timely and specific objection to inadmissible testimony. Moreover, counsel did not raise the issue of improper cross-examination on appeal to the United States Air Force Court of Military Review. Because defense counsel did not make a timely and specific objection to the prosecutor's cross-examination at trial and also did not assert the issue of improper cross-examination on appeal, we deem the matter as one which was not raised in the military courts.

 To obtain federal habeas review of claims based on trial errors to which no objection was made at trial, or of claims that were not raised on appeal, a state prisoner must show both cause excusing the procedural default and actual prejudice resulting from the error. *Murray v. Carrier,* 477 U.S. 478, 491, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). That same rule was applied by us in *Wolff v. United States,* 737 F.2d 877 (10th Cir.1984), wherein a federal habeas corpus procedure challenge was made to a court-martial conviction. Nothing in the record before us indicates that there was any "excuse" for either of these procedural defaults, and hence the "cause and actual prejudice" standard was not met. Accordingly, the claim of improper cross-examination will not be reviewed "on the merits" in the present federal habeas corpus proceeding. *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986).[2]

By cross-appeal, Lips seeks review of the district court's holding that the use at trial of sexually explicit material taken from

his apartment shortly after his arrest did not render his court-martial "fundamentally unfair." A reading of the opinion of the United States Air Force Court of Military Review indicates clearly that that court fully and fairly considered, and then rejected, Lips' claim that the sexually explicit material taken from his apartment was improperly admitted into evidence. 22 M.J. at 681–83. Such being the case, the federal district court should not have made further inquiry.

Judgment reversed and cause remanded with direction to the district court to deny the petition.

---

2. Even assuming that counsel's objection at trial to the prosecutor's cross-examination was adequate and further assuming that the matter of improper cross-examination was presented to the United States Air Force Court of Military Review, the fact that the court did not specifically address the question of improper cross-examination in its opinion is not controlling. That court did specifically state that it had "examined the remaining

assignments of error and resolved them against the appellant." In *Watson,* we stated that "[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." 782 F.2d at 145.