16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lamont TRAVIS, Petitioner-Appellant,
v.
Colonel William L. HART, Respondent-Appellee.
 No. 93-3291.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 16, 1994.
 
 ORDER AND JUDGMENT*
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument. As a preliminary matter, we grant to Appellee a certificate of probable cause and permit him to proceed with this appeal in forma pauperis.
 
 
 2
 The procedural history and pertinent facts were summarized by the United States District Court for the District of Kansas as follows:
 
 
 3
 "On June 5, 1989, petitioner [Lamont Travis] was tried before a military judge sitting alone. Prior to entering a plea to the charges, petitioner moved to suppress any written or oral statements the government had obtained subsequent to his apprehension, specifically a confession made to the NIS agents. Following an evidentiary hearing at which petitioner and the two agents testified, the judge determined that the statement was knowingly and voluntarily made. Petitioner pled not guilty.
 
 
 4
 "During trial petitioner objected to evidence he deemed not corroborative of his confession. Certain evidence was admitted over petitioner's objections. The government sought to introduce the confession and offered corroborative evidence for four of the seven specifications charged. Following defense counsel's motion, the military judge found petitioner not guilty of the three remaining specifications. Petitioner was found guilty of conspiracy to introduce and distribute cocaine; two specifications of distribution of cocaine; and one specification of the manufacture of cocaine.
 
 
 5
 "Petitioner was sentenced to ten years confinement, forfeiture of all military pay and allowances, reduction to Grade E-1, and a dishonorable discharge.
 
 
 6
 "On December 11, 1989, the Staff Judge Advocate recommended that the findings and sentence as adjudged be approved. On February 15, 1990, the Convening Authority concurred. Petitioner's case was then forwarded for automatic review to the Navy-Marine Corps Court of Military Review (NMCMR). Petitioner raised five assignments of error. On July 3, 1991 the NMCMR affirmed the findings and sentence.
 
 
 7
 "Petitioner petitioned the United States Court of Military Appeals (CMA) for review of his case alleging the same issues he raised before the NMCMR. On December 11, 1991, the CMA denied the petition for grant of review.
 
 
 8
 "The Naval Clemency and Parole Board denied clemency on June 13, 1991, and again on October 24, 1991, after review on its own motion."
 
 
 9
 Memorandum and Order, at 2-3.
 
 
 10
 Thereafter, petitioner filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. Again, petitioner raised the same five claims of error which he had previously raised in his appeals throughout the military court system. The district court denied habeas relief, and this appeal followed. After applying the liberal construction standard to petitioner's brief on appeal, see Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.), we find the only issue raised on appeal is whether the military judge erroneously admitted petitioner's confession. Because the other issues have not been raised in petitioner's brief, they are abandoned for purposes of our review.
 
 
 11
 It is undisputed that federal courts are limited in their scope of review of military court-martial proceedings which are being collaterally attacked by a petition for writ of habeas corpus. The district court recognized that there appears to be some incongruity among our prior decisions on the precise scope of such review. See Dodson v. Zelez, 917 F.2d 1250 (10th Cir.) (articulating four-part test for determining whether review was appropriate); Khan v. Hart, 943 F.2d 1261 (10th Cir.) (applying Dodson balancing test). But see Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808 (10th Cir.) (determined whether military court gave adequate consideration to issues prior to employing Dodson test). While the district court's observation may be correct, we need not clarify any alleged confusion at this time because the touchstone of all these cases is the Supreme Court's decision in Burns v. Wilson, 346 U.S. 137.
 
 
 12
 Burns stands for the proposition that "when a military decision has dealt fully and fairly with an allegation raised in that application [for a writ of habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Id. at 142. Consequently, no matter what scope of review we adopt, we cannot reassess evidentiary determinations that have been fairly and fully considered. See Lips, 997 F.2d at 811. We now turn to the merit of petitioner's appeal.
 
 
 13
 The gist of petitioner's assignment of error is that his confession was involuntary and therefore the military judge improperly admitted it into evidence. In particular, petitioner cites various promises and threats that he claims were utilized to coerce his confession. The existence and effects of such alleged promises and threats are factual questions which have been consistently disputed by the government. Petitioner makes no viable contention that his assignment of error and its attendant factual disputes were not raised at all levels of his appeal of his court-martial. After carefully combing the record before us, we are absolutely convinced that the military courts which reviewed petitioner's sentence fully and fairly dealt with petitioner's assignment of error concerning the voluntariness of his confession. We therefore must hold that the district court correctly denied petitioner's request for habeas relief because we have no jurisdiction to overturn the military court's decision on the grounds asserted by petitioner.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470