25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hopeton H. HAUGHTON, Petitioner-Appellant,
v.
William L. HART, Col., Respondent-Appellee.
 No. 93-3285.
 United States Court of Appeals, Tenth Circuit
 June 9, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hopeton H. Haughton appeals the denial of his petition for a writ of habeas corpus filed pursuant 28 U.S.C. 2241. Mr. Haughton, a former member of the United States Army, is currently confined in the United States Disciplinary Barracks at Fort Leavenworth, Kansas after being convicted by a general court-martial of the premeditated murder of his wife. We grant Mr. Haughton's request to proceed in forma pauperis and affirm the district court's denial of his petition for habeas relief.
 
 
 3
 Mr. Haughton was convicted of the premeditated murder of his wife by a general court-martial in 1987. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, reduction to grade Private E-1, and confinement for life. After his conviction, Mr. Haughton appealed to the Army Court of Military Review (ACMR) raising numerous claims of error. While the ACMR found that certain errors had been committed at trial, it affirmed the conviction and sentence because any errors that were committed were not cause for reversal.
 
 
 4
 Mr. Haughton appealed to the United States Court of Military Appeals (USCMA). The USCMA granted Mr. Haughton's petition for review and affirmed the ACMR's decision.
 
 
 5
 Mr. Haughton subsequently filed a federal petition for writ of habeas corpus. He asserted that the military judge erred (1) by admitting the Article 32 testimony of his minor daughter when she was available to testify in person, (2) by allowing improper argument by trial counsel concerning the affect testifying had on his minor daughter, (3) by allowing a non-expert witness to testify about the credibility of a defense witness, (4) by not requiring a three-fourths concurrence vote for his conviction and for the imposition of a life sentence, and (5) by admitting hearsay evidence. He also contended that (6) his constitutional rights were violated when he was confined prior to trial in a jail with convicted felons, (7) the record of trial was incomplete, and (8) the trial testimony was inconsistent with the Article 32 testimony, and there was a conflict of interest between two witnesses.
 
 
 6
 The district court correctly noted that a "federal court is limited in its scope of review of military court-martial proceedings brought on a petition for writ of habeas corpus." Rec., vol. I, doc. 21, at 3. The court dismissed the sixth and seventh claims of Mr. Haughton because they were never raised before the military courts. In an extensive opinion relying primarily on Lips v. Commandment, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir.1993), cert denied, 114 S.Ct. 920 (1994); Khan v. Hart, 943 F.2d 1261 (10th Cir.1991), and Dodson v. Zelez, 917 F.2d 1250 (10th Cir.1990), the court discussed the standards of appellate review of military court decisions and concluded that Mr. Haughton's remaining claims did not warrant review.[2]
 
 
 7
 We have carefully reviewed the district court's ruling and the record and we ascertain no reversible error. Accordingly, we AFFIRM the denial of Mr. Haughton's petition for writ of habeas corpus.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court stated that Mr. Haughton's claim regarding the three-fourths voting procedures for conviction and sentencing did not warrant review under the balancing test of Khan inasmuch as "[t]his issue did not rise to substantial constitutional dimension because the challenge is simply to the military's interpretation of its own statutes." Rec., vol. I, doc. 21, at 8. Although this statement differs from our holding in Dodson, 917 F.2d at 1253, it is apparent from Dodson that the claim is meritless