**UNITED STATES COURT OF APPEALS**

<u>**Filed 7/30/96**</u>

————

RICHARD L. IRELAND,                )
                                   )
    Petitioner-Appellant,          )
                                   )
v.                                 )         No. 95-3376
                                   )    (D.C. No. 93-3068-RDR)
COL. GREGORY A. LOWE,              )       (Dist. of Kansas)
                                   )
    Respondent-Appellee.           )

————

**ORDER AND JUDGMENT**[*]

————

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

————

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Richard L. Ireland (Ireland), appearing <u>pro se</u>, appeals from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In order to reach the merits of this appeal, we grant Ireland's petition for a certificate of probable cause.

In November, 1988, Ireland was convicted, pursuant to guilty

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

pleas, of one charge of sodomy with a child under 16 and five charges of committing indecent acts with a female under 16 in a general court-martial at Osan Air Force Base, Republic of Korea.

On direct appeal, the United States Air Force Court of Military Review affirmed Ireland's conviction. United States v. Ireland, CMA 27476 (July 6, 1989). The United States Court of Military Appeals denied discretionary review. United States v. Ireland, 29 M.J. 345 (CMA 1989). Thereafter, Ireland filed a petition for a new trial on the grounds of newly discovered evidence and fraud on the court. The petition was denied by the Judge Advocate General.

In 1993, while confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas, Ireland filed this § 2241 petition, wherein he alleged that newly discovered evidence had become available which established his innocence, the prosecution withheld exculpatory information, and he received ineffective assistance of counsel at the general court-martial. On October 31, 1995, the district court denied Ireland's petition.

On appeal, Ireland asserts that the district court erred by dismissing his claim of newly-discovered evidence establishing his innocence, denying his allegation that the prosecution withheld exculpatory information, and ignoring his allegation of fraud on the court.

In Lips v. Commandant, United States Disciplinary Barracks,

997 F.2d 808 (10th Cir. 1993), <u>cert</u>. <u>denied</u>, ___ U.S. ___ (1994), we held that a federal court's review of a military court-martial proceeding is limited to determining whether the petitioner was given a full and fair hearing and whether his claims were fully and fairly considered. <u>Id</u>. at 811. If an issue was presented to a military tribunal and was disposed of, even summarily, the issue has been given full and fair consideration. <u>Watson v. McCotter</u>, 782 F.2d 143, 145 (10th Cir.), <u>cert</u>. <u>denied</u>, 476 U.S. 1184 (1986).

In this case, Barnhardt presented his ineffective assistance of counsel claim to the United States Air Force Court of Military Review. That court denied his claim, specifically finding that there was no indication that his trial counsel was inadequate. (ROA, ART 73 Petition for a New Trial at 73). With respect to his remaining claims, Barnhardt presented them to the Judge Advocate General in his petition for a new trial. <u>Id</u>. at 10. After a thorough and careful consideration, the Judge Advocate General denied Barnhardt's petition for a new trial. <u>Id</u>. at 3-9. Therefore, all of Barnhardt's claims were given full and fair consideration by the military courts.

After careful review of the record, we affirm for the reasons stated above and for substantially for the reasons set forth in the district court's Memorandum and Order of October 31, 1995.

**AFFIRMED.**

Entered for the Court:

- 3 -

James E. Barrett,
Senior United States
Circuit Judge