**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHN RAYMOND PETERS,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 96-3110
(D.C. No. 94-CV-3074)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner John Raymond Peters appeals from an order of the district court dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. We affirm.

At a general court martial proceeding in Germany, Mr. Peters pled guilty to two counts of carnal knowledge with a minor and two counts of indecent acts against a minor. He was sentenced to a dishonorable discharge, reduction in grade to E-1, and confinement of twenty years with ten years suspended.

In his petition, Mr. Peters raised issues pertaining both to the trial and the appellate process. Mr. Peters alleged he was mentally incompetent at trial and on appeal, he received ineffective assistance from both trial and appellate counsel, he was denied his right to a fair trial. He also alleged "failure to give notice" during trial and by the Court of Military Appeals, unlawful command influence, contempt of court because court-ordered psychological tests were not performed, evidence was withheld, and other unspecified "constitutional violations pertaining to the right to due process." R. at 17, p.17.

When reviewing a military habeas petition, the federal courts are limited to determining whether the petitioner's claims were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 810 (10th Cir. 1993); see also Burns v. Wilson, 346 U.S. 137, 139-42 (1953). If the claims were given full and fair consideration, the district court must deny the petition. Lips, 997 F.2d at 810. Issues which were not raised

-2-

to the military courts will not be considered when raised in a federal habeas petition absent a showing of cause for the procedural default and prejudice resulting from the error.  Id. at 812.

The record here shows the military courts gave full and fair consideration to those issues Mr. Peters raised.  We will not address the issues Mr. Peters did not raise to the military courts as he has shown neither the requisite cause nor prejudice.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons given by the district court.  Mr. Peter's motion to proceed in forma pauperis on appeal is GRANTED.  The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge
