William M. LIPS, Petitioner,

v.

**COMMANDANT, UNITED STATES DISCIPLINARY BARRACKS,** Respondent.

No. 94–3486–RDR.

United States District Court, D. Kansas.

Feb. 9, 1998.

William M. Lips, Middletown, CT, pro se.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, for (NFN)(NMI) Commandant, U.S.D.B., Secretary of the Air Force, et al., respondent.

## *ORDER*

ROGERS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.[1]

Respondent filed an Answer and Return which incorporates a request for dismissal (Doc. 8), and petitioner filed a response in opposition and motion for summary judgment (Doc. 11). Having considered the record, the court enters the following order.

### Factual Background

Petitioner was convicted by a court-martial in 1984 of rape, forcible sodomy, and aggravated assault. He unsuccessfully appealed the conviction to the United States Air Force Court of Military Review,[2] and argued, in part, that his rights were violated by improper comment on his exercise of the right to remain silent after arrest. Petitioner then sought discretionary review from the United States Court of Military Appeals and again raised the issue of the prosecutor's comment on his post-arrest silence. That court denied review, and the Judge Advocate General of the Air Force rejected petitioner's request for a new trial. Petitioner then sought habeas corpus relief in this court. This court granted the writ, but the decision was reversed by the Tenth Circuit. *Lips v. Commandant,* 997 F.2d 808 (10th Cir.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 213 (1994). The Tenth Circuit found that the United States Air Force Court of Military Review gave full and fair consideration to the petitioner's claims and further found petitioner's claim of improper cross-examination was barred by procedural default because there was no objection at trial and because this issue was not specifically raised on appeal. *Lips,* 997 F.2d at 811–12.

---

1. Petitioner has since been released from confinement.

2. The court was renamed the Air Force Court of Criminal Appeals on October 5, 1994. Pub.L. No. 103–337, § 924, 108 Stat. 2663 (1994).

## Discussion

A federal court has limited authority to review court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. *Burns v. Wilson*, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. *Id.*

If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). If an issue was not raised before the military courts, the federal habeas court will deem that issue waived and not subject to review. *Id.*

Because this action is a second petition, the court must consider whether review of petitioner's claims is appropriate. Generally, a second or subsequent petition that raises the same claims as those brought and rejected in a prior petition is subject to dismissal, *see* 28 U.S.C. § 2244(a),[3] unless the ends of justice would be served by reaching the merits of the subsequent petition. *Parks v. Reynolds*, 958 F.2d 989, 994 (10th Cir. 1992) (quoting *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)), *cert. denied*, 503 U.S. 928, 112 S.Ct. 1310, 117 L.Ed.2d 530 (1992). To make this showing, a petitioner must demonstrate that "a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(equating "ends of justice" standard with "fundamental miscarriage of justice" standard used in abuse of the writ analysis).

Petitioner raises two related claims in this action, namely, that he is entitled to relief from his conviction due to the prosecution's improper closing argument and due to cross-examination which included numerous references to his choice to remain silent. The first claim was presented and decided in petitioner's prior application for habeas corpus.[4] Therefore, that portion of the petition which raises this claim constitutes a successive petition and is subject to dismissal.

In contrast, petitioner's claim regarding cross-examination was determined by the Tenth Circuit to be procedurally defaulted, and thus he was not entitled to review on the merits.[5] Petitioner then filed a petition for extraordinary review with the United States Court of Military Appeals after his first petition for habeas corpus was decided, and he now seeks review of this claim. Despite this apparent effort to cure the finding of procedural default, the court finds no basis upon

---

**3.** 28 U.S.C. § 2244(a) provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

**4.** Reviewing this claim, the Tenth Circuit stated: "[T]he United States Air Force Court of Military Review gave the issue of improper closing argument 'full and fair consideration,' as required by *Burns v. Wilson*, [346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953)], and also gave 'adequate consideration' to the issue and applied 'proper

legal standards,' as required by our *Dodson v. Zelez*, [917 F.2d 1250 (10th Cir.1990)]." *Lips v. Commandant*, 997 F.2d at 811.

**5.** The Tenth Circuit found this claim was procedurally defaulted because petitioner "did not make a timely and specific objection to the prosecutor's cross-examination at trial and also did not assert the issue of improper cross-examination on appeal." *Lips*, 997 F.2d at 812. However, the court noted that even absent these deficiencies, the finding of the United States Air Force Court of Military Review that it had considered the assignments of error and resolved them against petitioner would warrant a finding that the claim was given fair review under *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). *Id.*, n. 2.

which relief may be granted. If petitioner's second claim is barred by procedural default, he has made no showing sufficient to overcome the threshold of cause and prejudice; alternatively, even if petitioner could overcome this defect, because under *Watson v. McCotter* a military court must be held to have fully considered even those claims it has resolved summarily, petitioner cannot obtain habeas relief on this record.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief is denied.

**IT IS SO ORDERED.**