**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUN 12 2000**

**TENTH CIRCUIT**

————————————————

BOBBY R. CURRY,

     Petitioner-Appellant,

v.

UNITED STATES DISCIPLINARY
BARRACKS, Commandant, Fort
Leavenworth, Kansas,

     Respondent-Appellee.

No. 99-3311
(D. Kan.)
(D.Ct. No. 95-CV-3532)

————————————————

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Bobby R. Curry, Jr., a military prisoner appearing *pro se*, appeals the district court's decision denying his petition for a writ of habeas under 28 U.S.C. § 2241. We exercise our jurisdiction under 28 U.S.C. § 1291.

The facts presented at Mr. Curry's court-martial proceeding included testimony Mr. Curry stabbed his estranged girlfriend approximately six times, causing her to cover her protruding intestines with clothing before he threw her over his shoulder and carried her out of her apartment into a hallway. On hearing a disturbance in the victim's apartment, neighbors rushed into the hallway in time to see Mr. Curry exiting the victim's apartment. These neighbors proceeded to block Mr. Curry, demanded he leave the victim so they could get medical help and ultimately, caused Mr. Curry to drop the victim on the floor and flee.

Based on this and other evidence, Mr. Curry received convictions for attempted premeditated murder, assault consummated by a battery, burglary, and attempted kidnapping. A military panel sentenced him to a dishonorable discharge, confinement for thirty-five years, forfeiture of $400 pay per month for 420 months, and a reduction to grade E1. Mr. Curry appealed his conviction to the United States Army Court of Criminal Appeals, raising nine issues of error. The Army court reviewed his appeal, affirmed it in all respects except for

dismissing the attempted kidnapping charge, and reduced his sentence from thirty-five to thirty years. Mr. Curry then sought review by the United States Court of Appeals for the Armed Forces, raising two additional issues of error. That appellate court denied his petition for review.

Unsuccessful in the military courts, Mr. Curry filed his federal petition for a writ of habeas corpus under § 2241, raising essentially the same eleven issues presented to the military courts. The district court assigned the matter to a magistrate judge who carefully addressed each issue before recommending denial of Mr. Curry's petition. After reviewing Mr. Curry's objections to the recommendation, the district court adopted the magistrate judge's report and recommendation and denied Mr. Curry's petition.

On appeal, Mr. Curry raises three of the same issues addressed by the district court. Specifically, Mr. Curry contends: (1) his counsel acted ineffectively in failing to interview two of the government's expert physician witnesses prior to trial; (2) the Army court erred in not holding a rehearing on his other convictions and sentence after setting aside the attempted kidnapping conviction; and (3) the military judge improperly admitted expert testimony of the second treating physician. He also generally alleges, as issues, that "the military

judge failed to dismiss the charge of kidnapping completely after asked to do so during the pretrial motion," and the "[v]ictim had a civil suit for a large amount of money pending against ... [him] prior to the trial."

In appeals concerning military convictions, we review the district court's dismissal of a § 2241 petition *de novo*. *See Khan v. Hart*, 943 F.2d 1261, 1262 (10th Cir. 1991) (relying on *Monk v. Zelez*, 901 F.2d 885, 888 (10th Cir. 1990), but the extent of our review is limited. Before we consider Mr. Curry's claims on the merits, they must meet four conditions. Each claim must (1) bear constitutional dimension, (2) consist of an issue of law rather than fact, (3) implicate no special military considerations making federal court intervention inappropriate, and (4) have received inadequate consideration in the military courts or had the wrong legal standards applied. *See Khan*, 943 F.2d at 1262-63. When an issue is briefed and argued to a military court, we assume the issue received full and fair consideration, even though the court summarily disposed of it. *See Lips v. Commandant*, *U. S. Disciplinary Barracks*, 997 F.2d 808, 812 n.2 (10th Cir. 1993), *cert. denied,* 510 U.S. 1091 (1994).

Applying these principles, we have carefully reviewed the magistrate judge's report and recommendation, district court's decision, Mr. Curry's brief,

and the record on appeal. We conclude the district court correctly resolved the three issues previously raised by Mr. Curry and addressed by the magistrate judge in the report and recommendation. First, with regard to Mr. Curry's demand for a rehearing after the Army court set aside his kidnapping conviction, the magistrate judge determined the military court possessed authority to modify his sentence without remand to the court-martial judge and exercised that authority in "fully and fairly" reassessing a new sentence. The magistrate judge also held Mr. Curry demonstrated no constitutional error in the reassessment. We agree. In addition, because the Army court dismissed the kidnapping conviction, Mr. Curry's argument "the military judge failed to dismiss the charge of kidnapping completely after asked to do so during the pretrial motion," is moot.

After considering the substantial evidence presented against Mr. Curry, the magistrate judge correctly determined Mr. Curry failed to demonstrate how better pretrial preparation by his attorney in interviewing two physician witnesses would have resulted in a more favorable outcome. In addition, in reviewing the Army court's summary dismissal of Mr. Curry's argument concerning improper admission of expert testimony, the magistrate judge properly determined Mr. Curry failed to show any constitutional error in the military judge allowing a second treating physician to testify about the victim's wounds during the merits

portion of the trial. Finally, with regard to Mr. Curry's general allegation the "[v]ictim had a civil suit for a large amount of money pending against ... [him] prior to the trial," we will not generally consider an issue not raised or addressed by the district court, *see Moore v. Gibson*, 195 F.3d 1152, 1181 (10th Cir. 1999), *cert. denied*, 2000 WL 343946 (U.S. May 30, 2000) (No. 99-8812). In any event, despite the victim's alleged debt, it most likely had little, if any, effect on Mr. Curry's convictions given the substantial weight of evidence against Mr. Curry, especially including the victim's neighbors' testimony corroborating her testimony that Mr. Curry stabbed her.

For these reasons, we **AFFIRM** for substantially the same reasons set forth in the magistrate judge's February 19, 1999 Report and Recommendation and the district court's September 2, 1999 Order.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge