**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 7 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

CHARLES EVANS,

      Petitioner - Appellant,

v.

MICHAEL LANSING,

      Respondent - Appellee.

No. 00-3127
(D.C. No. 00-CV-3115)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Charles Evans, appearing pro se, appeals from the district court's dismissal without prejudice of his habeas petition pending exhaustion of remedies available in the military courts. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Evans filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the District of Kansas, alleging numerous

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

constitutional violations arising out of his conviction by military court martial in March 1998. The district court dismissed his petition without prejudice pending resolution of his direct appeal before the Navy Marine Corps Court of Criminal Appeals.

> The Supreme Court has stated unequivocally that
>
> implicit in the congressional scheme embodied in the [Uniform] Code [of Military Justice] is the view that the military court system generally is adequate to and responsibly will perform its assigned task. . . . [T]his congressional judgment must be respected and . . . it must be assumed that the military court system will vindicate servicemen's constitutional rights. We have recognized this, as well as the practical considerations common to all exhaustion requirements, in holding that <u>federal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted.</u>

<u>Schlesinger v. Councilman</u>, 420 U.S. 738, 758 (1975) (citing <u>Gusik v. Schilder</u>, 340 U.S. 128, 131-32 (1950); <u>Noyd v. Bond</u>, 395 U.S. 683, 693-94 (1969)) (emphasis added); <u>see also</u> <u>Khan v. Hart</u>, 943 F.2d 1261, 1263 (10th Cir. 1991). Where a prisoner has failed to raise a claim in the military courts, a federal court will not review the claim unless the prisoner establishes cause and prejudice for failing to raise the error. <u>See</u> <u>Lips v. Commandant, United States Disciplinary Barracks</u>, 997 F.2d 808, 812 (10th Cir. 1993). Based on the record before us, Evans's conclusory allegation that exhaustion would be futile does not persuade us to depart from the general rule requiring exhaustion established in <u>Schlesinger</u>. Nor is this a case in which a conscientious objector or a civilian, for example, was

improperly subjected to military court martial, meriting a departure from the exhaustion requirement.  See Parisi v. Davidson, 405 U.S. 34, 42 (1972) (conscientious objector subjected to court martial); Noyd, 395 U.S. at 696 n.8 (discussing United States ex rel. Toth v. Quarles, 350 U.S. 11 (1955); Reid v. Covert, 354 U.S. 1 (1957); McElroy v. United States ex rel. Guagliardo, 361 U.S. 281 (1960)) (civilians subjected to courts martial).  Absent "harm other than that attendant to the resolution of his case" within the military system, the district court correctly dismissed Evans's petition without prejudice, and no legal impediment stands in the way of his bringing a § 2241 petition after "all available military remedies have been exhausted."  Schlesinger, 420 U.S. at 758 (internal quotations and citations omitted).

The judgment of the district court is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge