**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN J. HAEGER,

　　　　Petitioner-Appellant,

v.

MICHAEL A. LANSING,
Commandant, USDB-Ft. Leavenworth,
Kansas,

　　　　Respondent-Appellee.

No. 00-3106
(D.C. No. 99-CV-3025-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BALDOCK** , and **LUCERO** , Circuit Judges. **

　　　　John J. Haeger, a prisoner confined in the United States Disciplinary

Barracks at Fort Leavenworth, Kansas, seeks to appeal the district court's order

denying his petition for a writ of habeas corpus.  Mr. Haeger was formerly an

---

　　　 *  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

　　　 **  After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.　　See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

enlisted member of the United States Navy. In 1990, he pleaded guilty before a military tribunal to charges of conspiracy to commit espionage and attempted espionage. A general court martial panel sentenced him to nineteen years' imprisonment, dishonorable discharge from naval service, forfeiture of pay and allowances, and a reduction in grade.

Mr. Haeger then appealed to the Navy and Marine Corps Court of Military Review. After that court affirmed his sentence, the Court of Military Appeals denied his petition for grant of review.

In 1993, Mr. Haeger filed a petition for a writ of habeas corpus with the United States District Court for the District of Kansas. There, he argued that the court-martial lacked jurisdiction because the military judge was designated in violation of the Appointments Clause of the United States Constitution and that the military judge lacked the necessary independence because he had not been appointed for a fixed term. The federal district court denied Mr. Haeger's petition. See Haeger v. Lowe, No. 93-3548-RDR, 1997 WL 103948, at *1 (D. Kan. Feb. 27, 1997) (noting that, in Weiss v. United States, 510 U.S. 163 (1994), the Supreme Court held that the Appointments Clause does not require military officers serving as judges to be appointed a second time and that the lack of a fixed term does not violate the Due Process Clause).

In 1998, Mr. Haeger filed a petition for a writ of habeas corpus with the

2

Navy-Marine Corps Court of Criminal Appeals. He argued that the court-martial lacked jurisdiction for three reasons: (1) because the convening authority did not comply with the Manual of the Judge Advocate General; (2) because that official had not entered into an agreement with the Department of Justice; and (3) because the Secretary of the Navy had not approved the pretrial agreement. See Rec. doc. 14, at 7-8 (Respondent's Answer and Return, filed May 14, 1999) (citing military appellate record at 442). The Navy-Marine Corps Court of Criminal Appeals denied Mr. Haeger's petition.

In this case, Mr. Haeger advances several challenges to the court-martial proceedings, including: (1) that the court-martial was improper because the convening authority was one of his accusers; (2) that the military judge did not meet the statutory qualifications; (3) that he was coerced into signing a pretrial agreement because the initial description of the charges did not refer to them as non-capital; (4) that the convening authority did not obtain the approval of the necessary parties to the pretrial agreement; and (5) that the court-martial lacked jurisdiction because the government failed to allege "exclusive/concurrent juridiction." Rec. doc. 1, at 7A (Petition filed Jan. 19, 1999). As a result of these errors, Mr. Haeger maintains, his sentence and conviction are invalid.

The district court denied Mr. Haeger's petition. It concluded that his petition set forth allegations that officials failed to follow military regulations but

3

that it failed to allege violations of the federal constitution.

In habeas cases, our review of the decisions of military courts is extremely deferential. If the petitioner's claims have been fully and fairly considered by the military courts, we will generally deny relief. Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993). Additionally, before we may consider its merits, a claim raised in habeas must: (1) assert a constitutional violation; (2) consist of an issue of law rather than fact; (3) implicate no special military considerations making federal court intervention inappropriate; and (4) have received inadequate consideration in the military courts or had the wrong legal standards applied. See Khan v. Hart, 943 F.2d 1261, 1262-63 (10th Cir. 1991). When a prisoner fails to raise a claim in the military courts, a federal court will not review the claim unless the prisoner establishes cause and prejudice for failing to raise the error. See Lips, 997 F.2d at 812. Under those standards, Mr. Haeger has failed to make a substantial showing of the denial of a constitutional right.

As to his claims that the convening authority was one of his accusers and that he was coerced into pleading guilty, we note that Mr. Haeger has failed to rebut the respondent's assertion that he failed to raise them in the military proceedings. There is also no indication that Mr. Haeger claimed in the military proceedings that the prosecution failed to allege "exclusive/concurrent

jurisdiction." Because Mr. Haeger has demonstrated neither cause nor prejudice for this default, we may not consider these claims here. [1]

As to the other issues raised by Mr. Haeger here, the respondent has established that they were fully and fairly considered by the military courts. Moreover, we agree with the district court that Mr. Haeger's allegations do not rise to the level of constitutional violations. Mr. Haeger has failed to provide any support for the legal proposition that violations of military regulations concerning the parties necessary to approval pretrial agreements confer due process rights on the defendant, absent a showing of prejudice. See United States v. Swan, 43 M.J. 788, 792 (N.M. Ct. Crim. App. 1995) (concluding that failure to follow a military regulation was subject to harmless error analysis).

Accordingly, we DENY Mr. Haeger's motion for a certificate of appealability and DISMISS this appeal.

Entered for the Court,

---

[1] We also note that the military courts have concluded that violations of the rule that the convening authority should not be an accuser are subject to harmless error analysis. See United States v Ridley, 22 M.J. 43, 48 (C.M.A.1986) (noting that there was no indication in the record of an attempt by the accuser to exert improper influence). As to the voluntariness of Mr. Haeger's guilty plea, the sections of the military record identified by the respondent indicate that Mr. Haeger was properly informed of the allegations against him and that he stated that he had had an opportunity to review the pretrial agreement and was voluntarily pleading guilty. See Rec. doc. 14, at 16-18 (citing military record, vol. II, at 332-33).

Robert H. Henry
United States Circuit Judge