**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN C. WHITE,

        Petitioner-Appellant,

v.

MICHAEL A. LANSING, Warden,
United States Disciplinary Barracks,
Leavenworth,

        Respondent-Appellee.

No. 00-3247
(D.C. No. 99-CV-3162-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John C. White, pro se, appeals from the dismissal with prejudice of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Mr. White was convicted for murder of his infant daughter, aggravated assault, assault consummated by battery on a child, and three specifications of malicious torture of his dog and cat by a general court martial. On appeal to the Air Force Court of Criminal Appeals (AFCCA), Mr. White raised the same issues that later formed the basis of this habeas petition. *See* Appellant's App. Ex. A; *United States v. White*, No. ACM 31474 (F REV), 1997 WL 643590, at *2, (A.F. Ct. Crim. App. Oct. 1, 1997) [hereinafter *White II*], *aff'd* 50 M.J. 131 (C.A.A.F. 1998). In two separate decisions, the AFCCA dismissed the charges of assault consummated by battery on a child and aggravated assault as multiplicitous with the greater offense of murder, ruled against Mr. White on all issues that had been timely raised, declined to consider two issues that were untimely, and affirmed the sentence as modified. *See United States v. White*, No. ACM 31-474, 1996 WL 399973, at *5 (A.F. Ct. Crim. App. July 12, 1996) [hereinafter *White I*], *rev'd* 47 M.J. 81 (C.A.A.F. 1997); *White II*, 1997 WL 643590, at *2. Mr. White then filed this petition for habeas corpus, raising six basic grounds of alleged error.

The district court dismissed the petition under *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993), and *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986), correctly noting that when a

military court decision has already dealt fully and fairly with an issue on appeal that is later raised in a habeas petition, the habeas court may not reach the merits and must deny the petition. R. Doc. 22, at 2. We have fully reviewed the record and conclude that the four grounds raised both on direct appeal and in the habeas petition undoubtedly were fully and fairly considered by the AFCCA while applying correct legal standards. *See Lips*, 997 F.2d at 811. The district court properly denied the petition on these grounds.

Mr. White also argued, however, that the AFCCA refused to address the two "untimely" issues he raised to the AFCCA, and that the habeas court therefore should have reached the merits on at least those two issues. *See* R. Doc. 20, at 1-7. They are (1) whether "the multiple charging of his one act of shaking his baby to death creates the impression that he is a bad person" and (2) whether "the specification of Charge I failed to include required elements." *White II*, 1997 WL 643590, at *2 (expressly declining to consider these issues because they were untimely and not raised in his original appeal and because defendants are entitled to only one review under 10 U.S.C. § 866). The district court did not discuss the difference between these two issues and the other four raised in the habeas petition other than to state that the AFCCA's decision addressed claims of multiplicitous charges and the possible spillover effect of multiple charges. *See* R. Doc. 22 at 3-4.

Our review of the AFCCA opinion discloses that its discussion of multiplicitous charges relates only to convictions on lesser included offenses and not to the prejudicial effect, if any, that may arise from charging one offense in multiple ways. *See White I*, 1996 WL 399973, at *2. Likewise, the AFCCA did not discuss any alleged failure to include required elements in the murder charge; the error alleged and addressed on direct appeal was the legal and factual sufficiency of evidence of intent. *See id.* at *3-*4.

It is clear that the AFCCA held that Mr. White procedurally defaulted direct review of these two issues. *See White II*, 1997 WL 643590, at *2. Consequently, in order to obtain habeas review of these two claims, Mr. White must "show both cause excusing the procedural default and actual prejudice resulting from the error." *Lips*, 997 F.2d at 812. This he has failed to do. As in *Lips*, "nothing in the record before us indicates that there was any 'excuse' for either of these procedural defaults, and hence the 'cause and actual prejudice' standard was not met." *Id.* Accordingly, the two claims "will not be reviewed 'on the merits' in the present habeas corpus proceeding." *Id.*

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-4-