**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHN M. RICKS,

      Petitioner-Appellant,

v.

MARVIN L. NICKELS,

      Respondent-Appellee.

No. 00-3398
(D.C. No. 97-CV-3165-RDR)
(D. Kan.)

ORDER AND JUDGMENT   *

Before **TACHA** , Chief Judge,   **BALDOCK** , Circuit Judge, and   **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner John M. Ricks, proceeding pro se, appeals from the district court's order denying his petition seeking habeas corpus relief filed pursuant to 28 U.S.C. § 2241. We affirm.

In 1993, a military court martial jury found petitioner guilty of indecent assault, assault with intent to commit sodomy, indecent acts with a child under the age of sixteen, and desertion. He was sentenced to fifteen years' imprisonment, reduction to the grade of E-1, and dishonorable discharge. Petitioner appealed his conviction to the Air Force Court of Criminal Appeals and the Court of Appeals for the Armed Forces, both of which affirmed his convictions. His motion for reconsideration was also denied.

Thereafter, petitioner filed a 161-page petition seeking habeas relief in the federal district court. The district court denied relief holding that petitioner had received full and fair consideration of his claims in the military courts.

On appeal, petitioner argues that the military appellate courts "manifestly refused" to consider his claims thereby giving federal civilian courts jurisdiction to review his habeas claims. He also contends that the Supreme Court in Burns v. Wilson, 346 U.S. 137 (1953) impermissibly abrogated Article 1, section 9, clause 2 of the United States Constitution.

We review the district court's dismissal of a § 2241 military habeas petition de novo. See Khan v. Hart, 943 F.2d 1261, 1262 (10th Cir. 1991). Both our

review and the district court's review of petitioner's court-martial is limited to four conditions. The claimed errors must (1) have "substantial constitutional dimension[s]," (2) consist of issues of law rather than fact, (3) implicate no special military considerations which would make federal civil court intervention inappropriate, and (4) have received inadequate consideration in the military courts or had the wrong legal standards applied. See id. When an issue is briefed and argued to a military court, we will assume the issue received full and fair consideration, even if the court summarily disposed of it. See Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808, 812 n.2 (10th Cir. 1993).

Petitioner raised twelve claims to the district court. The court found that he had raised the issues to the military courts and that the issues had received full and fair consideration. Our review of the record confirms this decision. No error occurred.

Petitioner did not raise his second issue, that the Supreme Court impermissibly abrogated the Constitution in Burns, to the district court. This issue is waived. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Even if it were not waived, however, it is without merit. The Framers of the Constitution expressly entrusted to Congress the task of developing the jurisprudence of military law. See Burns, 346 U.S. at 140. The Court did not

invade the jurisdiction of the military courts or diminish the validity and applicability of the writ of habeas corpus.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.   The mandate shall issue forthwith.


                                              Entered for the Court


                                              Bobby R. Baldock
                                              Circuit Judge