**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MELVIN ROBINSON, III,

　　　　Petitioner-Appellant,

v.

STEVEN L. ANDRASCHKO,
Commandant,

　　　　Respondent-Appellee.

No. 01-3388
(D.C. No. 01-CV-3052-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* 　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Melvin Robinson, III, a military prisoner appearing *pro se*, appeals from the district court's order dismissing his 28 U.S.C. § 2241 petition for writ of habeas corpus. We affirm.

Petitioner, while serving in the United States Army, pled guilty to carrying a concealed weapon and was convicted by general court-martial of attempted unpremeditated murder. He appealed the conviction to the United States Army Court of Criminal Appeals, which affirmed the conviction and sentence. He then sought review by the United States Court of Appeals for the Armed Forces. That appellate court denied his petition for review.

Petitioner then filed his § 2241 petition, raising two of the same issues he presented to the military courts. The district court denied the petition because the military courts had already dealt fully and fairly with the issues raised by petitioner. On appeal, petitioner raises the same issues he presented to the district court. Specifically, he contends that the military judge erred (1) in granting the prosecution's peremptory challenge of an African-American military court member over his objection that the challenge violated *Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that, under equal protection and due process clauses, a party may not utilize a peremptory challenge to exclude potential juror on account of race); and (2) in finding that petitioner's statements to the police were admissible under *Oregon v. Bradshaw*, 462 U.S. 1039 (1983) (holding that, where

suspect confesses after invoking right to counsel, that confession is admissible if suspect initiates the discussion and totality of circumstances reveals waiver is knowing, voluntary, and intelligent).

A federal district court's habeas review of a military court-martial proceeding is limited. It will not review a petitioner's claim if the military courts fully and fairly considered the claims asserted. *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993). This court has held that if an issue was raised before the military courts, four conditions must be met before a district court's habeas review of a military conviction is appropriate: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than fact; (3) there are no military considerations that warrant different treatment of the constitutional claims; and (4) the military courts failed to give adequate consideration to issues involved or failed to apply the proper legal standards. *Id*. Further, when an issue has been briefed and argued before the military tribunal, a federal habeas court assumes the military tribunal has given the claim full and fair consideration, even if the military court summarily disposed of the issue. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

The district court correctly ruled that habeas review is inappropriate in this case because the military courts fully and fairly considered the two claims raised

by petitioner.  Consequently, we AFFIRM the judgment of the United States District Court for the District of Kansas for substantially the same reasons stated in the district court's Memorandum and Order dated November 30, 2001. Petitioner's motion for leave to file an appendix is GRANTED, and the motion for temporary and permanent injunction is DENIED as moot.  The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge