**Robert R. INGHAM, Petitioner,**

v.

**Herbert R. TILLERY, Respondent.**

**No. 96–3065–RDR.**

United States District Court,
D. Kansas.

March 8, 1999.

Robert R Ingham, USDB–FT Leavenworth, Fort Leavenworth, KS, for Robert R. Ingham, petitioner.

Mary K. Ramirez, Office of United States, Attorney, Topeka, KS, for Herbert R. Tillery, respondent.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter comes before the court on petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a former member of the United States Army, is currently incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. In August, 1990, in Germany, petitioner, pursuant to his pleas was convicted by general court-martial of disobeying an order and breaking arrest. Contrary to his pleas, he was convicted of sodomy with a child, indecent acts with a child, indecent liberties with a child, indecent assault, and adultery. Petitioner was sentenced to a dishonorable discharge, confinement for 40 years, forfeiture of all pay and allowances, and reduction to Private El.

In this action, petitioner challenges his conviction on several grounds: (1) the evidence was insufficient, (2) his defense counsel was ineffective, (3) some charges are multiplicitous, (4) his challenges for cause against two members were erroneously denied; (5) the sentence is excessive, (6) his counsel did not adequately advise him regarding possible pretrial negotiations, (7) a tape of the deposition of a child psychologist which contained evidence favorable to the defense was "withheld, lost and/or destroyed," (8) the military courts erred in denying his request for a DuBay evidentiary hearing, and (9) defense counsel failed to object to the military judge's erroneous explanation during instructions of "beyond a reasonable doubt."

An Order to Show Cause issued. Respondent filed an Answer and Return with appellate briefs, motions and orders as well as pertinent parts of the court-martial trial transcript attached. Petitioner filed a Traverse with affidavits and other attachments. Having reviewed all the materials filed, the court makes the following findings and order.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are stated in detail in *United States v. Ingham*, 36 M.J. 990, 992–3 (1993) and need not be repeated in full here. At the court-martial proceeding, Ingham pled not guilty to all the sexual offenses charged against him. His pretrial motion to consolidate various charges which he claimed were multiplicitous was denied. His motion for a continuance to produce Chaplain Jerry Mize, who was in San Francisco, as a witness was also denied.

During voir dire of the panel members, it was revealed that one member, Col. Rose, was a special court-martial convening authority who had an ongoing working relationship with the trial counsel, Captain Frison. The court denied a challenge for cause regarding Col. Rose. The court also denied Ingham's challenge for cause against another member, Mr. Day, whom petitioner claimed had expressed a predisposition to believe rather than disbelieve allegations of child abuse.

At trial, Ingham's defense was that he had not committed any of the sexual offenses and that the victims had reasons to "fabricate their stories." Ms. Cogdill, Ingham's step-cousin, testified that Ingham had sexually assaulted her in 1988 when she was twenty-one years old, during a vacation with his family to her mother's home in Colorado. Staci, Ingham's step daughter, testified at trial that starting when she was seven years old, sometimes as frequently as twice weekly, Ingham entered her bedroom and sexually assaulted her. She described acts he committed including sodomy. She further testified that Ingham showed her a videotape of her mother and him engaged in various sexual acts and told her he wanted her to perform the acts depicted in the video. Colleen gave the videotape to the CID and it was admitted as a prosecution exhibit.

Colleen testified that appellant left the children alone one night while she was out of town causing her to return, and that when he showed up early the next morning, he told her he was having an affair. Colleen had previously found pictures in the trunk of her husband's car of a blond woman "in various provocative poses with minimal clothing." She had returned the pictures except two which she saved and were admitted as prosecution exhibits. Colleen testified that Ingham admitted to her that he was having an affair including sexual relations with the woman, Mrs. M. A general court-martial composed of officer members heard the evidence and found Ingham guilty. The convening authority approved the findings and sentence.

Petitioner with the assistance of appellate counsel then appealed to the Army Court of Military Review (ACMR). The record of the proceedings was forwarded to the ACMR pursuant to Article 66, United States Code of Military Justice. Under Article 66(c), military review courts must read the entire record and independently arrive at a decision that the findings and sentence are correct in law and fact, § 10 U.S.C. § 866. In addition, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), military review courts are required to consider all issues personally raised by the defendant.

Ingham presented five "assignments of error" in his brief to the AMCR: (1) insufficiency of the evidence, (2) failure to join multiplicitous charges for sentencing, (3) the military judge's denial of Ingham's challenges for cause against two members, (4) ineffective assistance of his civilian defense counsel, and (5) excessive sentence. Pursuant to *United States v. Grostefon*, Ingham personally raised additional issues, none of which are relied upon in his petition before this court. The ACMR, after considering the entire record and each of the assignments of error including the issues personally specified by petitioner, discussed the allegations in detail and affirmed the findings of guilty and the sentence. *Ingham*, 36 M.J. at 997.

Thereafter, civilian appellate counsel filed a motion for reconsideration on behalf of Ingham asserting that a *Dubay* hearing should be conducted to inquire into civilian defense counsel's conduct and the loss of the video tape of the deposition of the expert child psychologist. Appellate defense counsel thoroughly argued other issues as well: that the court failed to adequately address inadequacies in the victims' testimony; that the relationship between Col. Rose and trial counsel warranted dismissal from the panel; that CW4 Day's own comments showed a predisposition which should have excused him from the panel; and that legal authority did not support a 40 year sentence in this case. Answer and Return (Doc. 11), Memorandum in support of motion for reconsideration, attached to Exhibit 8. The motion for reconsideration was denied without discussion.

Ingham, through appellate counsel, then filed for review in the United States Court of Military Appeals (CMA) and clearly presented the following issues: (1) insufficient evidence, (2) multiplicitous charges, (3) error of military court in denying Ingham's challenges for cause against Rose and Day, (4) ineffective assistance of defense coun-

sel, (5) excessive sentence, (6) error in denying request for Dubay hearing, (7) error in denying motion to continue, and (8) erroneous admission of entire video of Ingham and Colleen engaged in sex acts. Answer and Return (Doc.11), Attachment 7. In a motion to submit supplemental matters, Ingham personally asserted an additional issue pursuant to *Grostefon* that counsel failed to object when the military judge erred in his explanation of "beyond a reasonable doubt" during instructions. This motion was denied.

The CMA granted review on three issues: ineffective assistance of counsel, excessive sentence and denial of a *Dubay* hearing. The CMA subsequently affirmed the conviction after discussing each of these issues in an opinion at 42 M.J. 218 (1995). Ingham then submitted a motion for leave to file petition for reconsideration on the ground that his sentence is cruel and unusual, which was denied. Ingham's petition for writ of certiorari to the United States Supreme Court was denied on January 8, 1996.

## DISCUSSION

■ A federal court is limited in its review of military court-martial proceedings. The Tenth Circuit Court of Appeals discussed the standards of review of military courts-martial by federal district courts in *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir.1993), *cert denied*, 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 213 (1994). The Circuit noted that the military has its own independent criminal justice system governed by the Uniform Code of Military Justice, 10 U.S.C. §§ 801–940 which is all-inclusive and provides, inter alia, for courts-martial, appellate review, and limited certiorari review by the United States Supreme Court. *Id.* Ingham's petition for habeas corpus relief collaterally attacks a general court-martial conviction that was affirmed on appeal by the military courts. Because of the independence of the military court system, special considerations are involved when federal civil courts collaterally review court-martial convictions. *Id.*

■ The starting point in any discussion of habeas review standards of military convictions is *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). *Burns* stands for the proposition that federal courts have jurisdiction over applications for habeas corpus by persons incarcerated by the military courts, although "in military habeas corpus the inquiry, the scope of matters open to review, has always been more narrow than in civil cases." *Id.* at 139, 73 S.Ct. at 1047. The plurality in *Burns* further stated that "when a military decision has dealt fully and fairly with an allegation raised in [a petition for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 142, 73 S.Ct. at 1049. In like vein, the Court stated that "[it] is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." *Id.* at 144, 73 S.Ct. at 1050. Thus, the habeas court must first ask the question whether the military courts have given adequate consideration to the issues. If the answer is in the affirmative, no further inquiry is made. Habeas jurisdiction does not extend to a reassessment of the facts and issues fully and fairly considered by the military court. *Khan v. Hart*, 943 F.2d 1261, 1263 (10th Cir.1991). If an issue is brought before the military tribunal and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). In sum, if the issues have been given full and fair consideration, the district court should not reach the merits and should deny the petition. *Lips*, 997 F.2d at 810.

■ Another prerequisite for any collateral review in federal habeas court is the showing that all available military remedies have been exhausted. *Khan v. Hart*,

943 F.2d 1261, 1263 (10th Cir.1991). A federal habeas court will not review a petitioner's claims if they were not raised at all before the military courts. *Watson v. McCotter*, 782 F.2d at 145.

■ The record makes it plain that all but one of the issues raised by petitioner were clearly presented in his military appeals and were fully scrutinized and fairly considered by those courts. *See Burns*, at 137, 73 S.Ct. at 1050. Pursuant to the standard of review articulated in *Lips* and *Burns*, this court will not review those issues. Petitioner had the benefit of a complete review by the ACMR and a second complete review by the CMA. This court will not reassess the evidentiary issues already determined by the military courts.

■ The one issue not presented to the ACMR or CMA is Ingham's complaint that his defense counsel failed to adequately advise him during possible pretrial negotiations. This claim was apparently raised for the first time in a petition for certiorari filed with the United States Supreme Court, which was denied. Petitioner makes no showing of cause for this procedural default. This court will not review this claim because it was not properly raised before the military tribunals. *Watson*, 782 F.2d at 145; *see also Lips* 997 F.2d at 811.

Applying the foregoing standards to this case and having carefully considered the briefs of petitioner on appeal and the written opinions of the military courts, this court finds that the military courts have given adequate consideration to the claimed errors and applied the proper legal standards. Petitioner has not shown that the military review was "legally inadequate" to resolve his claims. *See Watson* 782 F.2d at 144. The court concludes that the petition for writ of habeas corpus must be dismissed.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's motion to cite supplemental authority (Doc.28) is granted; and that this action is dismissed and all relief denied.