**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT R. INGHAM,

      Petitioner-Appellant,

v.

HERBERT R. TILLERY, Colonel,

      Respondent-Appellee.

No.  99-3123
(D.C. No. 96-3065-RDR)
(D. Kan.)
(42 F. Supp. 2d 1188)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

Petitioner, a former member of the United States Army convicted pursuant to a guilty plea of disobeying an order and breaking arrest, seeks review of the denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. [1]  Following a general court-martial, Petitioner was also convicted of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

sodomy, indecent acts and indecent liberties with a child, as well as indecent assault and adultery. He was sentenced to a dishonorable discharge, confinement for forty years, forfeiture of pay and allowances, and reduction in rank.

On appeal to the United States Army Court of Military Review, he claimed that the evidence for the sodomy, indecent acts, and assault offenses was insufficient, both legally and factually; the specifications for the offenses were multiplicious for sentencing; the denial of his challenges for cause of two court members was erroneous; his civilian trial counsel was ineffective; and the sentence was inappropriate. See United States v. Ingham, 36 M.J. 990, 991-92 (A.C.M.R. 1993), review granted in part, 39 M.J. 391 (C.M.A. 1994), aff'd, 42 M.J. 218 (U.S. Armed Forces 1995), cert. denied, 516 U.S. 1063 (1996). Upon careful review, the conviction and sentence were upheld. See United States v. Ingham, 36 M.J. at 997.

Petitioner then filed for review in the United States Court of Military Appeals, presenting eight issues:

(1)    insufficient evidence;

(2)    multiplicious charges;

(3)    error in denying challenges for cause against two members of the court;

(4)    ineffective assistance of defense counsel;

-2-

(5)     excessive sentence;

(6)     error in denial of his request for a     DuBay hearing; [2]

(7)     error in denying a continuance; and

(8)     error in the admission of a video tape.

See Ingham v. Tillery   , 42 F. Supp. 2d 1188, 1190-91 (D. Kan. 1999).

In addition, petitioner moved to assert an additional argument that his defense counsel had failed to object to the alleged erroneous "beyond a reasonable doubt" instruction.     See Vol. I, Doc. 11, attachment 8;     United States v. Grostefon , 12 M.J. 431, 436-37 (C.M.A. 1982) (accused's specified errors must be drawn to attention of court).

The United States Court of Military Appeals granted review on three issues: alleged ineffective assistance of counsel, excessiveness in sentencing, and the denial of a   DuBay hearing.   See United States v. Ingham    , 39 M.J. 391 (1994). The court denied petitioner's motion to raise the argument regarding the alleged erroneous instruction,    see Vol. I, Doc. 11, attachment 9, and otherwise affirmed the conviction.   See United States v. Ingham    , 42 M.J. 218, 230 (U.S. Armed Forces 1995).

In this action, petitioner challenged his conviction on the grounds that

---

[2]     See United States v. DuBay    , 37 C.M.R. 411, 413 (C.M.A. 1967) (establishing procedure for holding hearing to determine issues raised collaterally which require findings of fact and conclusions of law).

(1)     the evidence was insufficient;

(2)     defense counsel was ineffective;

(3)     some charges were multiplicious;

(4)     challenges for cause against two members of the court were erroneously denied;

(5)     excessive sentence;

(6)     inadequate advice from counsel regarding possible pretrial negotiations;

(7)     loss or destruction of video tape containing favorable evidence;

(8)     erroneous denial of a DuBay evidentiary hearing; and

(9)     failure to object to alleged erroneous instruction regarding reasonable doubt.

See Ingham v. Tillery, 42 F. Supp. 2d at 1189.

The district court applied the appropriate review principles as outlined in Burns v. Wilson, 346 U.S. 137, 142 (1953) (recognizing limited function of civil courts is to determine whether military courts gave fair consideration to petitioner's claims). See also Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993) (acknowledging that under Burns where military courts fully and fairly considered claims asserted in federal habeas corpus petition, the petition should be denied). If issues have been briefed and

argued before the military tribunal, a federal habeas court assumes the tribunal has given the claims full and fair consideration even if the military court summarily disposed of the issues. See id. at 812 n.2. The district court determined that all but one issue had been presented to and decided by the military courts. See Ingham v. Tillery, 42 F. Supp. 2d at 1192. We agree.

We comment on only two of petitioner's claims. First, as to his claim that his counsel was ineffective for failing to advise him of "potential benefits in negotiating a pretrial agreement," Appellant's Br. at 21-22, petitioner does not explain why he did not (or could not) raise the issue within the military court system. Indeed, his appellate counsel (who was different from trial counsel) did raise trial counsel's alleged ineffectiveness as to several other deficiencies in representation, see United States v. Ingham, 36 M.J. at 995-96; United States v. Ingham, 42 M.J. at 223-29, which were given thorough consideration.

Moreover, petitioner could have submitted the particular claim of ineffective trial counsel on his own. See United States v. Grostefon, 12 M.J. at 436-37 (outlining procedure permitting accused to raise issues for consideration by court of military review). Accordingly, we agree that this claim is barred. See Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986) (declining to review merits of petitioner's claims if not raised before military courts).

-5-

Petitioner also contends that the military judge gave an improper instruction on the definition of reasonable doubt. Specifically, he claims the language "proof beyond reasonable doubt means proof to a moral certainty" violates the Supreme Court's teachings in Cage v. Louisiana, 498 U.S. 39, 40-41 (1990) (per curiam) (striking, as contrary to reasonable doubt requirement, an instruction containing phrases "grave uncertainty," "actual substantial doubt," and "moral uncertainty").

In Cage, the Supreme Court was concerned with an instruction equating reasonable doubt with grave uncertainty and actual substantial doubt, which the Court concluded "suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard." See id. at 41. It was the consideration of those statements along with "the reference to 'moral certainty,' rather than evidentiary certainty" that the Court determined could have caused the jury to find guilt on a degree of proof below that required under the Due Process Clause. See id.

In petitioner's case, however, reasonable doubt was not compared to grave uncertainty or actual substantial doubt. See United States v. Gray, 37 M.J. 730, 748-49 (A.C.M.R. 1992) (distinguishing Cage from situation where grave uncertainty and actual substantial doubt not used), aff'd, 51 M.J. 1 (1999). Moreover, the Supreme Court has clarified that "moral certainty language cannot

-6-

be sequestered from its surroundings." See Victor v. Nebraska, 511 U.S. 1, 16 (1994) (distinguishing Cage instruction as simply telling jurors to be morally certain of defendant's guilt with nothing else to lend meaning to phrase from the situation where jurors also told to base conclusion on evidence in case). Here, the instruction also described reasonable doubt as "not a fanciful or ingenious doubt or conjecture, but an honest, conscientious doubt suggested by the material evidence, or lack of it in the case." Vol. I, Doc. 11, attachment 8 at 12. Finally, the United States Court of Military Appeals has upheld a virtually identical instruction as compatible with post- Cage holdings of the Supreme Court. See United States v. Meeks, 41 M.J. 150, 155-57 (C.M.A. 1994). Accordingly, this issue is without merit.

For these and the reasons set forth in Ingham v. Tillery, 42 F. Supp. 2d 1188 (D. Kan. 1999), the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge